## STATE COURT OF APPEALS —Continued

### No. 18
### ROBBINS v. STATE
Ohio Appeals, 7th Dist., Mahoning County
Decided Nov. 9, 1923

333. CRIMINAL LAW—Alleged false pretenses to obtain credit being only estimates of worth of properties, and and failure to prove mortgages excessive, held not sufficient for conviction.

POLLOCK, J.    Epitomized Opinion
First Publication of this Opinion

Defendant was indicted for obtaining money by false pretenses from a bank to which he gave a financial statement representing that certain properties of which he was the owner were worth $180,000 and encumbered by mortgages to the extent of $45,000, leaving an equity of $135,000 free and clear, by means of which statement he obtained a credit of $8,000 from the bank. ·

At the trial the State gave evidence that the encumbrances far exceeded the amount stated and that defendant, when confronted with that fact, had said he had not given a correct statement because he knew if he did the bank would not give him the credit. A verdict of guilty was returned and defendant brought error proceedings in this court. Held:

The statement given the bank by defendant listed land and buildings under the head of assets at $135,000. The appraised value of the lands were listed at $180,000. These were only estimates that they were worth those sums. The mortgages were given as $45,000. While the state gave evidence that the mortgages on the lands were more than $45,000, it failed to prove that that larger amount was the amount of the encumbrances owing on the property at the time defendant presented the statement. Defendant denied the admission as to why he gave the statement. While there was no error in the court's refusal to direct a verdict, the evidence did not warrant the jury in finding defendant guilty beyond a reasonable doubt. Judgment reversed.

Attorneys—Kaufman & Guess and R. A. Beard, Youngstown, for defendant; H. H. Hull, Pros. Atty., for State.

### No. 19
### ABRIATE v. STATE
Ohio Appeals, 9th Dist., Summit County
No. 724. Decided April 23, 1923

333. CRIMINAL LAW—Evidence of former remote offenses without instruction as to intent and of collateral matters held incorrectly admitted, in a forgery case.

PARDEE, J.    Epitomized Opinion
First Publication of this Opinion

Abriate was convicted in Summit Common Pleas of the charge of uttering a forged check on Dec. 27, 1921. On cross-examination the state examined Abriate at length concerning the signing by him of a surety bond over the the objection of Abriate. Then the state called in rebuttal another witness who contradicted what Abriate said regarding the bond. The state also introduced a transcript of the record showing a plea of guilty by Abriate to a charge of forgery in Stark Common Pleas in the early part of 1919. In reversing the judgment the Court of Appeals held:

1. Evidence of former offenses is admissible in cases where specific intent or guilty knowledge is one of the essential elements to be proved, provided the transaction is not too remote in time and the court instructs the jury the purpose for which this evidence is admitted. But in this case the evidence was too remote and the court failed to instruct the jury as to the purpose for which it was admitted.

2. The court erred in allowing the state to inquire into collateral matter.

Attorneys—Anderson, Ormsby & Kennedy, Akron, for Abriate; A. W. Doyle, and W. B. Wanamaker, Akron, for State.